UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

IN RE: MICHELE GRAY,

                1:23-PF-2 (BKS)

        Respondent.

---

**Hon. Brenda K. Sannes, Chief U.S. District Judge:**

### ORDER TO SHOW CAUSE

On January 26, 2023, United States District Judge David N. Hurd, issued a Referral Order granting, in part, Fidelity Brokerage Services LLC's "motion to have Michele Gray declared a vexatious litigant" and "enjoining [Gray] from filing any further litigation."[1] *See Gray v. Fidelity Investment ("Gray VI")*, 20-CV-00718-DNH-CFH (N.D.N.Y. Jan. 26, 2023), Dkt. No. 61 ("Referral Order"). Judge Hurd referred this matter to the undersigned "for the issuance of a pre-filing injunction permanently enjoining [Gray] from filing additional pro se cases in the Northern District of New York without leave of the Chief District Judge." (Referral Order, at 7–8).

On February 9, 2023, Gray filed a Notice of Appeal with respect to the Referral Order. *Gray VI*, 20-CV-00718, Dkt. No. 62. Thus, the Court must determine whether Gray's appeal has divested it of jurisdiction before considering whether to issue a pre-filing injunction. "Normally the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction, as to any matters involved in the appeal, from the district court to the court of appeals." *Leonhard v. United States*, 633 F.2d 599, 609 (2d Cir. 1980). However, "the filing of a notice of appeal from a non-appealable order . . . does not deprive [the district court] of the power to proceed." *Id.* at

---

[1] Gray did not file a response to Fidelity's motion.

1

610 (collecting cases). Circuit courts have jurisdiction over "appeals from all final decisions of the district courts of the United States," 28 U.S.C. § 1291, as well as over "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions," *id.* § 1292(a)(1). Here, the Referral Order found that Gray had repeatedly engaged in vexatious and frivolous litigation conduct and a pre-filing injunction was warranted. (*See generally* Referral Order). Judge Hurd therefore referred the matter to this Court for the issuance of an injunction. (*Id.*). As no injunction has yet been granted, issued, or refused, the Court concludes that the Referral Order is neither a final decision nor an appealable interlocutory order, and Gray's appeal was "plainly unauthorized." *See United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996) ("We fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on [a circuit] court the power to do nothing but dismiss the appeal."). Accordingly, the Court turns to Judge Hurd's referral of this matter for entry of a pre-filing injunction.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). The Second Circuit has instructed that courts must consider the following factors in deciding whether to impose a pre-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the

> litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw*, 396 F.3d at 528).

Judge Hurd carefully considered each of the above factors. *See Gray v. Fidelity Investments LLC*, 1:20-cv-00718, Dkt. No. 61, at 3–7. The Court adopts and incorporates Judge Hurd's analysis herein. A review of CM/ECF shows that Gray has filed ten separate actions pro se in this District over eighteen months. *Gray v. U.S. Dep't of Justice ("Gray I")*, 1:20-CV-712-GLS-DJS (filed June 29, 2020); *Gray ex rel. M.G. v. Nestle Waters N. Am., Inc. ("Gray II")*, 1:20-CV-713-DNH-TWD (filed June 29, 2020); *Gray ex rel. M.G. v. GC Services/Apple ("Gray III")*, 1:20-CV-714-TJM-ATB (filed June 29, 2020); *Gray ex rel. M.G. v. Amazon ("Gray IV")*, 1:20-CV-715-MAD-DJS (filed June 29, 2020); *Gray v. Am. Broadcast Co. et al. ("Gray V")*, 1:20-CV-716-MAD-CFH (filed June 29, 2020); *Gray v. Fid. Inv. ("Gray VI")*, 1:20-CV-718-DNH-CFH (filed June 29, 2020); *Gray v. Capstone Fin. et al. ("Gray VII")*, 1:20-CV-896-GLS-CFH (filed August 10, 2020); *Gray v. Amazon.com, Inc. ("Gray VIII")*, 1:21-CV-116-MAD-DJS (removed on January 29, 2021); *Gray v. U.S. Dep't of Justice ("Gray IX")*, 1:21-CV-803-GLS-DJS (filed on July 15, 2021); *Gray v. Fid. Inv. ("Gray X")*, 1:22-CV-41-DNH-CFH (removed on January 19, 2022). All of these cases have been dismissed, and, as Judge As Judge Hurd observed, not only has Gray filed "multiple suits that name as defendants the same entity or entities," including two actions against Fidelity Investments, two actions against Amazon, and

3

two actions against the United States Department of Justice, but "plaintiff's conduct in these suits can be fairly labeled 'vexatious.'" (Referral Order, at 4).

*Gray I* was dismissed after Gray repeatedly failed to serve the Department of Justice. *Gray I*, 1:20-CV-712, Dkt. No. 30 (Summary Order dated Apr. 21, 2021, dismissing complaint). *Gray IX*, 1:21-CV-803, in which Gray again sued the Department of Justice, was dismissed after Gray failed to respond to the motion to dismiss and failed to provide the court with a "legitimate mailing address." *Gray IX*, 1:21-CV-803, Dkt. No. 31 (Text Order dated Aug. 17, 2022, dismissing complaint).

*Gray II* was dismissed at the summary judgment stage because Gray "offered no evidence at all in support of her assertion that she was exposed to any contaminant in the Polar Spring water she consumed." *Gray II*, 1:20-CV-713, Dkt. No. 74, at 9. Indeed, in granting summary judgment to the defendant in *Gray II*, Judge Hurd noted that "a review of Gray's filings strongly suggest that this suit lacks an arguable basis in either law or fact." *Id.* at 9 n.7.

*Gray III* was dismissed because the amended complaint failed to state a claim. *Gray III*, 1:20-CV-714, Dkt. No. 14 (Decision & Order dated Feb. 1, 2021, adopting Report-Recommendation and dismissing amended complaint).

*Gray IV*, in which Gray sued Amazon in connection with toilet paper that allegedly caused infection, was dismissed on the grounds that the amended complaint failed to assert claims that would give the court federal question jurisdiction and failed to properly plead diversity jurisdiction. *Gray IV*, 1:20-CV-715, Dkt. No. 28 (Order dated Jan. 14, 2021 dismissing amended complaint). *Gray VIII*, in which Gray again sued Amazon in connection with toilet paper that allegedly caused infection, was dismissed because it failed to state a products liability

claim. *Gray VIII*, 1: 21-CV-116, Dkt. No. 17 (Memorandum-Decision and Order dated May 12, 2021 dismissing complaint with prejudice).

*Gray V*, in which Gray sued the American Broadcast Company and ABC Entertainment Group seeking monetary damages following the cancellation of a television series, was dismissed for failure to state a claim. *Gray V*, 1:20-CV-716, Dkt. No. 26 (Memorandum-Decision and Order dated November 3, 2020 dismissing complaint with prejudice).

In *Gray VI*, the court granted the defendant Fidelity Investment's motion to confirm the arbitration award. *Gray VI*, 1:20-CV-718, Dkt. No. 48 (Memorandum-Decision and Order dated Mar. 28, 2022). *Gray X*, in which Gray filed a second, and by her own admission, identical action against Fidelity Investment, was dismissed as barred by principles of claim preclusion. *Gray X*, 1:22-CV-41, Dkt. No. 23 (Memorandum-Decision and Order dated May 11, 2022, dismissing complaint).

Gray voluntarily discontinued *Gray VII*, by filing a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). *Gray VII*, 1:20-CV-896, Dkt. No. 8; *see also id.* at Dkt. No. 11 (Text Order dated June 8, 2021 noting that Gray's notice of voluntary dismissal was effective upon filing).

Gray's appeals have been routinely dismissed for lack of jurisdiction or as frivolous. Referral Order, at 5 (citing *Gray III*, 1:20-CV-714 at Dkt. No. 30 (jurisdiction); *Gray IV*, 1:20-CV-715 at Dkt. No. 47 (frivolous); *Gray VIII*, 1:21-CV-116 at Dkt. No. 26 (frivolous); *Gray X*, 1:22-CV-41 at Dkt. No. 28 (jurisdiction)). Moreover, despite the dismissals (and closures) of her actions and dismissal of her appeals, Gray continues to file meritless submissions and submissions in many of her cases. *See, e.g., Gray III*, 1:20-CV-714 Dkt. Nos. 18–23, 25; *Gray IV*, 1:20-cv-715, Dkt. Nos. 32–38; *Gray VII*, 1:20-CV-896, Dkt. Nos. 12–14.

As Judge Hurd observed, Gray's motivation for filing duplicative and vexatious litigation "is unclear" and Gray has "acted without the benefit of an attorney's involvement," but given that Gray's actions have been devoid of any merit and often duplicative, "it is impossible to conclude that she is still acting in objective good faith." (Referral Order, at 6). Judge Hurd's findings that Gray's litigation conduct has resulted in needless expense to her litigation adversaries and an unnecessary burden on the courts are well founded. (Referral Order, at 6–7). Gray has sued three defendants twice and filed ten actions in eighteen months, taxing the dockets of four district judges and five magistrate judges. Gray's duplicative findings and repetitive requests—even after dismissal—"make clear that dismissal alone would be an insufficient remedy" and that "no sanction short of an injunction would be sufficient to protect the court and other parties." (Referral Order, at 7).

Therefore, after carefully reviewing the record, the Court concludes that, unless Gray shows cause otherwise, Gray shall be enjoined from filing any future pleadings or documents of any kind (including motions) in this District pro se without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed). Notwithstanding the overwhelming support for a pre-filing injunction, and although Gray failed to respond to Fidelity Investment's motion to declare her a vexatious litigant, fairness dictates that Gray be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, Gray shall have fourteen (14) days from the date of this Order to show cause, in writing, why she should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District pro se without prior permission of the Chief Judge or his or her designee.

**ACCORDINGLY**, it is

**ORDERED** that Gray shall, within FOURTEEN (14) DAYS of the date of this Order, show cause, in writing, why she should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York pro se without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed);[2] and it is further

**ORDERED** that, if Gray does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Gray; and it is further

**ORDERED** that the Clerk shall provide a copy of the Referral Order and this Order to Show Cause to Gray by certified mail.

**IT IS SO ORDERED.**

Dated: March 14, 2023

Brenda K. Sannes
Chief U.S. District Judge

---

[2] This injunction would apply to, among other things, continued filings by Gray as a pro se plaintiff in any action filed by her in state court removed to this Court or filed by her in another U.S. District Court and transferred to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 126 (D. D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, No. 10-cv-0777, 2012 WL 1193982, at *1, n.3, 2012 U.S. Dist. LEXIS 49785, at *2, n.3 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court."); *Kissi v. Pramco, II, LLC*, No. 09-cv-0267, 2009 WL 8636986, at *1, 2009 U.S. Dist. LEXIS 61425, at *2 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre-filing injunction to case that had been transferred from the District of Delaware).